Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| ELIEZER SANTANA BÁEZ<br><br>Apelante<br><br>V.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS<br><br>Apelados | TA2026AP00075<br><br>Consolidado con<br><br>TA2026AP00112 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2025CV04115<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Pagán Ocasio y la Jueza Álvarez Esnard

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 16 de marzo de 2026.

El 29 de diciembre de 2025, el señor Eliezer Santana Báez (en adelante, parte apelante o señor Santana Báez) presentó ante este Tribunal de Apelaciones por derecho propio, o *In Forma Pauperis*, recurso de *Apelación Civil*.[1] Por medio de este, nos solicita que revisemos la *Sentencia Parcial* emitida y notificada el 10 de diciembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Bayamón. En virtud del aludido dictamen, el foro *a quo* desestimó la *Demanda* presentada por la parte apelante en cuanto al señor Andrés Martínez Colón, Oficial Examinador (en adelante, señor Martínez Colón).

Por otro lado, el 2 de febrero de 2025, la parte apelante presentó ante este foro apelativo, por derecho propio, *Apelación Civil*. Mediante el mismo, nos solicita que revisemos la *Sentencia* emitida el 30 de diciembre de 2026 y notificada el 7 de enero de 2026 por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Por

---

[1] Conforme surge del escrito, el mismo fue suscrito por el señor Santana Báez el día 22 de diciembre de 2025, por lo cual, damos por presentado el recurso en dicha fecha.

medio de dicho dictamen, el foro apelado declaró Ha Lugar la *Moción de Desestimación* presentada por el Estado Libre Asociado de Puerto Rico (ELA), por sí y en representación del Departamento de Corrección y Rehabilitación (DCR), y en consecuencia, desestimó la causa de acción de epígrafe.

Mediante la presente *Sentencia*, declaramos Ha Lugar la petición para litigar como indigente (*in forma pauperis*).

Por los fundamentos que adelante se esbozan, se *confirma* la *Sentencia* apelada.

**I**

Los hechos que propiciaron la controversia de epígrafe se remontan a una *Demanda* sobre daños y perjuicios presentada por la parte apelante, en contra del Estado Libre Asociado de Puerto Rico, el Departamento de Justicia, el Departamento de Corrección y Rehabilitación, el señor Francisco Quiñones Rivera y el señor Martínez Colón, Oficial Examinador. En esencia, solicitó al foro de primera instancia que le ordenara a los demandados ubicarlo en un nivel diferente de custodia y una indemnización a su favor, por la suma de $75,000.00 en concepto de daños y perjuicios. La parte apelante alegó que, por una situación ocurrida el 31 de diciembre de 2024, se presentó una querella disciplinaria en su contra, por infracción a los Códigos 109 y 147 del Reglamento para los Procedimientos Disciplinarios de Programas de Desvío y Comunitarios, Reglamento Núm. 9221 de 2020 (Reglamento Núm. 9221). La agencia apelada emitió *Resolución* donde concluyó que el apelante infringió el Código 147 del Reglamento Núm. 9221 y se le impusieron varias sanciones, entre estas, la reclasificación a custodia máxima. Consecuentemente, fue trasladado a una institución de máxima seguridad en Ponce y al Anexo 292. Según surge de las alegaciones de la *Demanda*, dado a la querella en su contra y a la reclasificación de custodia, la parte apelante sufrió

ansiedad y depresión, por lo que, solicitó la indemnización a su favor.

El 6 de agosto de 2025, el Tribunal de Primera Instancia emitió *Orden*[2], en la cual ordenó expedir los emplazamientos para ser diligenciados por los alguaciles, incluyendo, un emplazamiento dirigido al señor "Andrés Colón, Oficial Examinador". Consecuentemente, el 7 de agosto de 2025, se expidió el emplazamiento del señor "Andrés Colón".

En igual fecha, se entregó dicha *Orden* a la Oficina de Alguaciles, División de Órdenes del Tribunal, Centro Judicial de Bayamón.

Asimismo, de acuerdo se desprende del expediente, el 2 de octubre de 2025, se intentó diligenciar el emplazamiento dirigido a "Andrés Colón", sin embargo, el mismo fue rechazado debido a que "[i]nformó que no aceptaba el emplazamiento ya que ese no era su nombre [...]".

El 24 de noviembre de 2025, el ELA por sí y en representación del DCR, presentó *Moción de Desestimación.* Arguyó que, procedía la desestimación de la *Demanda* en su contra, al amparo de la Regla 10.2 de Procedimiento Civil. En su petitorio sostuvo que los actos alegados por la parte apelante, según redactados y reiterados en la demanda, de por sí y de ser creídos por el foro *a quo,* no tenían la consecuencia de renovar la acción dañosa alegada. Según la parte apelada, la reclamación de la parte apelante prescribió, pues tenía hasta el 4 de diciembre de 2024, 16 de enero de 2025, y 8 de abril de 2025, para presentar una demanda por daños ante el foro primario. En cuanto a las alegaciones de traslado de custodia, adujo que estas caían bajo la jurisdicción primaria de la agencia, es decir, del DCR, y por ello, la parte apelante tenía el deber de presentar ante

---

[2] Notificada el 7 de agosto de 2025.

el foro *a quo* evidencia de haber agotado los trámites administrativos.

El 24 de noviembre de 2025, la parte apelante presentó *Moción Informativa*. En igual fecha, también presentó *Moción Solicitando la Anotación en Rebeldía*, la cual fue declarada No Ha Lugar mediante orden emitida por el foro de primera instancia el 2 de diciembre de 2025.

El foro *a quo* emitió *Orden* en la cual le concedió un término de 20 días a la parte demandante para replicar a la solicitud de desestimación.

Más adelante, el 5 de diciembre de 2025, el señor Santana Báez presentó escrito intitulado *Al Expediente Judicial*. Mediante dicho escrito, la parte apelante inquirió sobre el estatus del diligenciamiento los emplazamientos.

Así las cosas, el 10 de diciembre de 2025, el Tribunal de Primera Instancia emitió la *Sentencia Parcial* cuya revisión nos atiene. En virtud de esta, determinó lo siguiente:

> La demanda de epígrafe fue presentada el 29 de julio de 2025 y el emplazamiento del codemandado ANDRÉS COLÓN OFICIAL EXAMINADOR, fue expedido el 7 de agosto de 2025.
>
> Debido a que han transcurrido más de ciento veinte (120) días sin que se hayan (sic) diligenciado dicho emplazamiento; *en virtud de las disposiciones de la Regla 4.3 (c) de Procedimiento Civil, se declara la desestimación y archivo sin perjuicio de la presente causa de acción*, en cuanto al codemandado Andrés Colón Oficial Examinador.

El 11 de diciembre de 2025, la parte apelante presentó *Moción Informativa Respecto a Orden*. Indició que, no se le había notificado la *Moción de Desestimación*, y que por ello, no había replicado a la misma.

Posteriormente, el foro apelado emitió *Orden* en la cual dispuso:

> Surge de la moción solicitando desestimación (presentada por el ELA) certificación acreditando el

env[í]o a la dirección postal: 50 Carr. 5 Unit A292, Edificio 8 B, Industrial Luchetti, Bayamón, Puerto Rico 00960. Esa es la misma dirección que surge de las notificaciones del tribunal y la que se utilizó para la orden del 24 de noviembre de 2025. Se le exhorta a verificar nuevamente con la oficina de correo de la institución donde se encuentra.

El 23 de diciembre de 2025, la parte peticionaria presentó *Réplica a Petición de Desestimación*.

En desacuerdo con la *Sentencia Parcial* emitida el 10 de diciembre de 2025, la parte apelante presentó el 29 de diciembre de 2025, un recurso de apelación[3], donde esbozó el siguiente señalamiento de error:

> Erró el TPI al no prorrogar por justa causa el término para emplazar, aún luego de expirado el término según lo permite la Regla 68.2 de Procedimiento Civil, y así ordenar a la Unidad de Alguaciles que diligencien el emplazamiento para procurar darle cumplimiento a su propia orden, y en todo caso, sancionar a quien falte a su orden, no al que solicitó la orden a su favor de que se emplace, porque se está penalizando al que no incumple frente al Tribunal y al infractor se le premia, por ello, erró al abusar de su discreción.

Por otro lado, el 30 de diciembre de 2025, la primera instancia judicial emitió la *Sentencia*[4] que nos compete revisar. Mediante esta, el foro apelado dispuso lo siguiente:

> En [el] presente caso aun tomando como ciertos los hechos bien alegados por la parte demandante, no existe razón para mantener el pleito vigente. De la demanda claramente se desprende que los alegados hechos se remontan a diferentes fechas[5]. En las que alega el demandante que colaboró con las autoridades estatales y federales para que se le adjudicaran bonificaciones. Dichos reclamos son realmente conclusiones generales y no hechos específicos alegados. Incluso en la demanda se indica que acudió al procedimiento administrativo, sin embargo, no establece haber completado el trámite hasta la revisión judicial.

> Según las alegaciones descritas en la demanda, las mismas son no [sic.] no generan una conducta torticera continua. Por tanto, es a partir de cada acto alegado que el demandante tenía un (1) año[6] para instar una reclamación en daños y perjuicios. Es decir, tenía

---

[3] TA2026AP00075.
[4] Notificada el 7 de enero de 2026.
[5] 14 de diciembre de 2023, 16 de enero de 2024 y 8 de abril de 2024.
[6] El término prescriptivo de un (1) año establecido en el Art. 1868 del Código Civil, actual Art. 1204 del Código Civil de 2020, 31 LPRA §9496.

hasta el 4 de diciembre de 2024, el 16 de enero de 2025, y 8 de abril de 2025, respectivamente, para presentar su reclamación. No puede alegar que no ha transcurrido el término prescriptivo alegando que aguardó por el cumplimiento de las alegadas promesas de bonificación. En otras palabras, sus reclamaciones están prescritas.

Por otra parte, sus alegaciones de traslado y custodia son precisamente temas que caen bajo la jurisdicción primaria de la agencia. El demandante debe presentar evidencia de haber agotado el remedio administrativo y que la determinación resultó favorable para él.

Por tanto, para poder presentar en el tribunal el presente recurso civil, es importante haber agotado los remedios administrativos.

En consecuencia, este tribunal declara **HA LUGAR** la **MOCIÓN DE DESESTIMACIÓN**, presentada el 24 de noviembre de 2025 por el Estado Libre Asociado de Puerto Rico y se ordena la desestimación de la presente causa de acción.

En desacuerdo con el aludido dictamen, la parte apelante compareció mediante recurso de apelación[7] en el cual realizó el siguiente señalamiento de error:

Erró el Tribunal de Primera Instancia al indiciar que la causa allí estaba prescrita al tomar los hechos previos de incidentes entre las partes como la razón por la que se demandaba cuando no era así; al alegar también que no presenté evidencia de traslado cuando se les hizo formar parte del caso y nunca se discutió ni hizo mención de la misma.

El 4 de marzo de 2025, compareció el Gobierno de Puerto Rico a través de la Oficina del Procurador General de Puerto Rico, mediante *Alegato en Oposición*.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II

### A. Deferencia Judicial

Según es sabido, las determinaciones de hechos y de credibilidad del tribunal sentenciador deben ser merecedoras de gran deferencia por parte de los foros apelativos. *Argüello v. Argüello*, 155 DPR 62

---

[7] TA2026AP00112.

(2001); *Hernández Maldonado v. Taco Maker*, 181 DPR 281 (2011); *SLG Rivera Carrasquillo v. AAA*, 117 DPR 345, 356 (2009); *Ortiz Ortiz v. Medtronic*, 209 DPR 759, 779 (2022).

Sin embargo, la deferencia judicial no es absoluta, pues podrá ser preterida en ciertas instancias. Nuestro Máximo Foro ha reiterado que, los tribunales apelativos "no debemos intervenir con las determinaciones de los juzgadores de primera instancia, salvo que medie pasión, prejuicio, parcialidad o error manifiesto". *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007); *Santiago Ortiz v. Real Legacy et al.*, 206 DPR 194, 219 (2021); *SLG Rivera Carrasquillo v. AAA*, supra, pág. 356; *Ortiz Ortiz v. Medtronic*, supra, pág. 778, *Pueblo v. Hernández Doble*, 210 DPR 850, 864 (2022)[8].

No obstante, "[l]a tarea de determinar cuándo un tribunal ha abusado de su discreción no es una fácil. Empero, no tenemos duda de que el adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad". *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013)[9]. Es por lo que, nuestra más Alta Curia ha definido la discreción como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012); *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023). Así, la discreción se "nutr[e] de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia; no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". *SLG Zapata-Rivera v. J.F. Montalvo*, supra, pág. 435. Ello "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho". (Citas omitidas). *Íd.*

---

[8] Véase también *Rodríguez et al. v. Hospital et al.*, 186 DPR 889, 908-909 (2012); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013).

[9] Véase, además, *Pueblo v. Rivera Montalvo*, 205 DPR 352, 373 (2020); *Umpierre Matos v. Juelle, Mejía*, 203 DPR 254, 275 (2019), citando a *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

citando a *Bco. Popular de P.R. v. Mun. de Aguadilla,* 144 DPR 651, 658 (1997).

### B. El Emplazamiento

Como es sabido, el emplazamiento es el mecanismo procesal que permite al Tribunal adquirir jurisdicción sobre la persona del demandado, para que este quede obligado por el dictamen que, en su día, emita el foro judicial. *Martajeva v. Ferre Morris,* 210 DPR 612 (2022); *Rivera Torres v. Díaz López,* 207 DPR 636, 646-647 (2021); *Pérez Quiles v. Santiago Cintrón,* 206 DPR 379, 384 (2021).[10]

Tal mecanismo procesal es parte esencial del debido proceso de ley, pues su propósito principal es notificar a la parte demandada que existe una acción judicial en su contra. De esta manera, la parte puede comparecer en el procedimiento, ser oído y presentar prueba a su favor. *Ross Valedón v. Hosp. Dr. Susoni et al.,* 213 DPR 481 (2024); *Martajeva v. Ferre Morris,* supra, pág. 620; *Rivera Torres v. Díaz López,* supra, pág. 647; *Pérez Quiles v. Santiago Cintrón,* supra, pág. 384; *Banco Popular v. S.L.G. Negrón,* supra, pág. 863; *Medina v. Medina,* 161 DPR 806 (2004).[11]  Por lo tanto, su adulteración constituye una flagrante violación al trato justo.  *Torres Zayas v. Montano Gómez, et als.,* 199 DPR 458, 467 (2017); *Lucero v. San Juan Star,* 159 DPR 494, 507 (2003); *Reyes v. Oriental Fed. Savs. Bank,* 133 DPR 15, 22 (1993).

Conforme a lo anterior, no es hasta que se diligencia el emplazamiento y se adquiere jurisdicción que la persona puede ser considerada propiamente parte; aunque haya sido nombrada en el epígrafe de la demanda, hasta ese momento sólo es parte nominal. Véase: *Sánchez Rivera v. Malavé Rivera,* 192 DPR 854 (2015);

---

[10] Véase también *Cirino González v. Adm. Corrección, et al.,* 190 DPR 14, 30 (2014); *Banco Popular v. S.L.G. Negrón,* 164 DPR 855, 863 (2005).
[11] Véase también *Global v. Salaam,* 164 DPR 474, 480 (2005); *Datiz v. Hospital Episcopal,* 163 DPR 10, 15 (2004).

*Medina v. Medina*, supra, pág. 823; *Acosta v. ABC, Inc.*, 142 DPR 927 (1997); *Torres Zayas v. Montano Gómez, et als.*, supra, pág. 467.

En nuestro ordenamiento jurídico, la figura del emplazamiento está regulada por la Regla 4 de las de Procedimiento Civil, 32 LPRA Ap. V. En particular, dicho precepto legal dispone que, una parte que interese demandar a otra deberá presentar el formulario de emplazamiento conjuntamente con la demanda para que el Secretario o Secretaria del Tribunal lo expida inmediatamente. Regla 4.1 de las de Procedimiento Civil, *supra*, 32 LPRA Ap. V. Una vez expedido el emplazamiento, la parte que lo solicita cuenta con 120 días para poder diligenciarlo. Lo anterior, a partir del momento en que se presenta la demanda o de la fecha de expedición del emplazamiento por edicto. Regla 4.3(c) de Procedimiento Civil, *supra*, 32 LPRA Ap. V. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. *Íd.* En caso de que transcurra el referido término de 120 días y este no se diligencie, el tribunal deberá dictar sentencia en la que decrete su desestimación y archivo sin perjuicio del caso ante su consideración. *Íd.*; *Torres Zayas v. Montano Gómez, et als.*, supra, págs. 467-468; *Martajeva v. Ferre Morris*, supra, pág. 621; *Ross Valedón v. Hosp. Dr. Susoni et al.*, pág. 488.

Al respecto, nuestra última instancia judicial ha expresado que los requisitos que dispone la regla de emplazamiento son de estricto cumplimiento. Véase: *Rivera Torres v. Díaz López*, supra, pág. 647; *Quiñones Román v. Cía. ABC,* 152 DPR 367, 374–375 (2000); First *Bank of PR v. Inmob. Nac., Inc.*, 144 DPR 901 (1998); *Rodríguez v. Nasrallah,* 118 DPR 93 (1986). Ello, pues, "el emplazamiento es un trámite medular para el cumplimiento con el

debido procedimiento de ley de un demandado y afecta directamente la jurisdicción del tribunal". *Rivera v. Jaume*, 157 DPR 562, 579 (2002); *Torres Zayas v. Montano Gómez, et als.*, supra, pág. 468.

Recordemos que, las normas sobre el emplazamiento "son de carácter impositivo, de las cuales no se puede dispensar. La razón de esta rigurosidad es que el emplazamiento se mueve dentro del campo del Derecho constitucional y más específicamente dentro del derecho del demandado a ser oído y notificado de cualquier reclamación en su contra". R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 257; *Torres Zayas v. Montano Gómez, et als.*, supra, pág. 468.

### C. *Moción de Desestimación*

La Regla 10.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, faculta a la parte contra la cual se presente una alegación en su contra a presentar una moción de desestimación, por los fundamentos siguientes: 1) falta de jurisdicción sobre la materia; 2) falta de jurisdicción sobre la persona; 3) insuficiencia del emplazamiento; 4) insuficiencia del diligenciamiento del emplazamiento; 5) dejar de exponer una reclamación que justifique la concesión de un remedio, y 6) dejar de acumular una parte indispensable. *Inmob. Baleares et al. v. Benabe et al.*, 214 DPR 1109, 1128 (2024); *Blassino, Reyes v. Reyes Blassino*, 214 DPR 823, 833 (2024); *Costas Elena y otros v. Magic Sports y otros*, 213 DPR 523, 533 (2024); *Cobra Acquisitions v. Mun. Yabucoa et al*, 210 DPR 384, 396 (2022); *Rivera Sanfeliz et al. v. Jta. Dir. First Bank*, 193 DPR 38, 49 (2015); *Colón Rivera et al. v. ELA*, 189 DPR 1033, 1049 (2013). La precitada regla permite a la parte demandada presentar una moción de desestimación debidamente fundamentada previo a contestar la demanda instada en su contra. *Conde Cruz v. Resto Rodríguez et. al.*, 205 DPR 1043, 1065 (2020); *Casillas Carrasquillo v. ELA*, 209

DPR 240, 247 (2022). Cuando se presenta una moción de desestimación al amparo de la Regla 10.2(5), la desestimación pretendida se refiere a los méritos de la controversia y no a los aspectos procesales del caso. *BPPR v. Cable Media*, 2025 TSPR 1, 215 DPR __ (2025).

Al momento de considerar una moción de desestimación, los tribunales están obligados a tomar como ciertos todos los hechos bien alegados en la demanda y, a su vez, considerarlos de la forma más favorable a la parte demandante. *Cobra Acquisitions v. Mun. Yabucoa et al*, supra, pág. 396; *Costas Elena y otros v. Magic Sports y otros*, supra, pág. 533; *Blassino, Reyes v. Reyes Blassino*, supra, pág. 833; *Casillas Carrasquillo v. ELA*, supra, pág. 247; *BPPR v. Cable Media,* supra; *Cruz Pérez v. Roldán Rodríguez et al.*, 206 DPR 261, 267 (2021); *Colón Rivera et al. v. ELA*, supra, pág. 1049. Luego, le corresponde determinar si, a base de los hechos aceptados como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. *Costas Elena y otros v. Magic Sports y otros*, supra, pág. 534. Si el Tribunal entiende que no se cumple con el estándar de plausibilidad, se debe desestimar la demanda, pues no debe permitir que proceda una reclamación insuficiente bajo el pretexto de que se podrán probar las alegaciones conclusorias con el descubrimiento de prueba. *Íd.* Véase, además, R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6.a ed., San Juan, Ed. LexisNexis, 2017, pág. 307.

Es por lo que, para que proceda una moción de desestimación, "tiene que demostrarse de forma certera en ella que el demandante no tiene derecho a remedio alguno bajo cualquier estado de [D]erecho que se pudiere probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor".[12] *Cobra*

---

[12] *Ortiz Matías et al. v. Mora Development,* 187 DPR 649, 654 (2013*); López García v. López García,* 200 DPR 50, 69-70 (2018).

*Acquisitions v. Mun. Yabucoa et al*, supra, pág. 396; *Casillas Carrasquillo v. ELA*, supra, pág. 247; *Cruz Pérez v. Roldán Rodríguez,* supra, págs. 267-268; *BPPR v. Cable Media*, supra; *Díaz Vázquez et al. v. Colón Peña et al.,* supra, pág. 1150; *Blassino, Reyes v. Reyes Blassino,* supra, pág. 833. Bajo este criterio, procederá la desestimación de la demanda si aun interpretando la reclamación de forma liberal, no hay remedio alguno disponible en el estado de Derecho. *Íd.*; *BPPR v. Cable Media,* supra.

Nuestra más Alta Curia ha reiterado que, una demanda no deberá ser desestimada a menos que la razón para solicitar el remedio no proceda bajo supuesto de derecho alguno, ni pueda ser enmendada con el propósito de subsanar cualquier posible deficiencia. *Díaz Vázquez et al. v. Colón Peña et al.,* supra, pág. 1150.

### D. *Responsabilidad Civil Extracontractual*

Como sabemos, en nuestro ordenamiento jurídico, la responsabilidad civil extracontractual emana del Artículo 1536 del Código Civil de Puerto Rico 2020, 31 LPRA sec. 10801 *et seq.*, que dispone que la persona que por culpa o negligencia cause daño a otra, viene obligada a repararlo. *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465 (2022); *Colón Santos v. Coop. Seg. Mult. P.R.* 173 DPR 170,177 (2008).

Para que prospere una reclamación por daños y perjuicios al amparo del referido precepto legal, se requiere la concurrencia de tres elementos, los cuales tienen que ser probados por la parte demandante: (1) el acto u omisión culposa o negligente; (2) la relación causal entre el acto u omisión culposa o negligente y el daño ocasionado; y (3) el daño real causado al reclamante. *Cruz Flores et al. v. Hosp. Ryder et al.,* supra, págs. 483-484; *Nieves Díaz v. González Massas*, 178 DPR 820, 843 (2010).

El daño constituye el menoscabo material o moral que sufre una persona, ya sea en sus bienes vitales naturales, en su propiedad

o en su patrimonio, causado en contravención a una norma jurídica y por el cual ha de responder otra persona. En nuestro ordenamiento jurídico se reconoce la existencia de dos tipos de daños: los especiales, conocidos como daños físicos, patrimoniales, pecuniarios o económicos, y los generales, conocidos como daños morales. *Nieves Díaz v. González Massas*, supra, pág. 843.

La culpa o negligencia es falta del debido cuidado, esto es, no anticipar ni prever las consecuencias racionales de un acto, o de la omisión de un acto, que una persona prudente habría de prever en tales circunstancias. *Montalvo v. Cruz*, 144 DPR 748, 755 (1998).

Cónsono con lo anterior, a través de la jurisprudencia observamos que un elemento esencial de la responsabilidad civil extracontractual es el factor de la previsibilidad. El deber de previsión no se extiende a todo riesgo posible, pues, es necesario examinar si un daño pudo ser el resultado natural y probable de un acto negligente. *Cruz Flores et al. v. Hosp. Ryder et al.,* supra, pág. 484. Para determinar si el resultado era razonablemente previsible, es preciso acudir a la figura del hombre prudente y razonable, también conocida como el buen padre de familia, que es aquella persona que actúa con el grado de cuidado, diligencia, vigilancia y precaución que exigen las circunstancias. *Nieves Díaz v. González Massas, supra*, pág. 844. Si el daño es previsible por éste, hay responsabilidad; sino es previsible, estamos generalmente en presencia de un caso fortuito. *Montalvo v. Cruz, supra*, a la pág. 756.

El deber de cuidado incluye, tanto la obligación de anticipar, como la de evitar la ocurrencia de daños, cuya probabilidad es razonablemente previsible. El deber de anticipar y prever los daños no se extiende a todo riesgo posible. *Íd.* Lo esencial en estos casos es que se tenga el deber de prever en forma general consecuencias de determinada clase. Sobre este particular, el Tribunal Supremo de Puerto Rico, ha sido enfático al expresar que sin la existencia de este

"deber de cuidado mayor" no puede responsabilizarse a una persona porque no haya realizado el acto de que se trate. *Hernández v. Televicentro,* 168 DPR 803, 813-814 (2006).

Ahora bien, el elemento de la previsibilidad se halla íntimamente relacionado al segundo requisito: el nexo causal. En Puerto Rico rige la teoría de la causalidad adecuada, la cual postula que "no es causa toda condición sin la cual no se hubiera producido el resultado, sino la que ordinariamente lo produce según la experiencia general". *Cruz Flores et al. v. Hosp. Ryder et al.,* supra, págs. 484-485. En *Rivera v. S.L.G. Díaz,* 165 DPR 408, 422 (2005), nuestro más Alto Foro señaló que la relación causal, elemento imprescindible en una reclamación en daños y perjuicios, es un elemento del acto ilícito que vincula al daño directamente con el hecho antijurídico. *Nieves Díaz v. González Massas,* supra, págs. 844-845. Conforme con lo anterior, un daño podrá ser considerado como el resultado probable y natural de un acto u omisión negligente si luego del suceso, mirándolo retroactivamente, éste parece ser la consecuencia razonable y común de la acción u omisión de que se trate. *Hernández v. Televicentro,* supra, pág. 814; *Cruz Flores et al. v. Hosp. Ryder et al.,* supra, pág. 485.

Para establecer la relación causal necesaria, no es suficiente que un hecho aparente ser condición de un evento, si éste regularmente no trae aparejado ese resultado. Esta normativa ha sido fundamentalmente desarrollada con el propósito de limitar la responsabilidad civil a aquellos casos en que la ocurrencia de un hecho dañoso sea imputable moralmente a su alegado autor, porque éste era una consecuencia previsible o voluntaria del acto negligente. *Soto Cabral v. E.L.A.,* 138 DPR 298, 317 (1995).

Al aplicar el principio de la causalidad adecuada, el Tribunal Supremo de Puerto Rico expresó que "la difícil determinación de cuándo existe nexo causal entre el daño producido por un acto

delictivo de un tercero y la omisión de cumplir con la obligación de tomar precauciones, medidas de seguridad y protección, no puede 'resolverse nunca de una manera plenamente satisfactoria mediante reglas abstractas, sino que en los casos de duda ha de resolverse por el juez según su libre convicción, ponderando todas las circunstancias'." *J.A.D.M. v. Centro Comercial de Plaza Carolina*, 132 DPR 785, 796 (1993).

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a aplicarla.

**III**

En el recurso con identificación alfanumérica TA2026AP00112, la parte apelante arguye que, el Tribunal de Primera Instancia erró al resolver que, la causa de acción estaba prescrita, al tomar los hechos previos de incidentes entre las partes, como la razón por la cual instó su demanda, cuando no era así. Además, señaló que, el foro primario incidió al concluir que la parte apelante no presentó evidencia del traslado cuando la evidencia se hizo formar parte del caso y no fue discutida.

De una revisión de la *Demanda*, es evidente que, la parte apelante reclama una acción en daños basada en el cambio de custodia. La parte apelante alude a unos hechos ocurridos el 31 de diciembre de 2024, por los cuales, fue presentada una querella disciplinaria en su contra. Según reseñáramos, de acuerdo a lo alegado en la *Demanda*, por motivo de una querella en su contra y a la reclasificación de custodia, el señor Santana Báez sufrió ansiedad y depresión.

Sin embargo, el 24 de noviembre de 2025, la parte apelada presentó *Moción de Desestimación*. La cual fue declarada Ha Lugar por el foro de primera instancia.

La Regla 10.2(5) de Procedimiento Civil, *supra*, faculta a la parte contra la cual se presente una alegación en su contra a presentar una moción de desestimación cuando deja de exponer una reclamación que justifique la concesión de un remedio.[13] Al momento de considerar una moción de desestimación al amparo de la precitada regla, estamos obligados a tomar como ciertos todos los hechos bien alegados en la demanda y, a su vez, considerarlos de la forma más favorable a la parte demandante.[14] Si el Tribunal entiende que no se cumple con el estándar de plausibilidad, se debe desestimar la demanda, pues no debe permitir que proceda una reclamación insuficiente bajo el pretexto de que se podrán probar las alegaciones conclusorias con el descubrimiento de prueba.[15] Por tanto, para que proceda una moción de desestimación, "tiene que demostrarse de forma certera en ella que el demandante no tiene derecho a remedio alguno bajo cualquier estado de [D]erecho que se pudiere probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor".[16]

Al ejercer nuestra facultad revisora nos corresponde evaluar la moción de desestimación presentada por la parte apelada ante el foro *a quo*. En primer lugar, procedemos a tomar como ciertos todos los hechos bien alegados en la *Demanda*, y los consideramos de la forma más favorable a la parte demandante. Basado en dicho ejercicio, concluimos que, dicha reclamación no cumple con el estándar de plausibilidad.[17] Es decir, la *Demanda* no establece una reclamación que justifique la concesión de un remedio a favor de la parte apelante. Por ende, procede declarar Ha Lugar la moción de

---

[13] *Inmob. Baleares et al. v. Benabe et al.*, pág. 1128.
[14] *Cobra Acquisitions v. Mun. Yabucoa et al*, supra, pág. 396; *Blassino, Reyes v. Reyes Blassino*, supra, pág. 833; *Casillas Carrasquillo v. ELA*, supra, pág. 247; *Rivera Sanfeliz et al. v. Jta. Dir. First Bank*, supra, pág. 49.
[15] *Costas Elena y otros v. Magic Sports y otros*, supra, pág. 534; Véase, además, R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6.a ed., San Juan, Ed. LexisNexis, 2017, pág. 307.
[16] *Ortiz Matías et al. v. Mora Development*, supra, pág. 654.
[17] *Costas Elena y otros v. Magic Sports y otros*, supra, pág. 534.

desestimación presentada por la parte apelada ante el Tribunal de Primera Instancia, al amparo de la Regla 10.2(5) de Procedimiento Civil, *supra.*

Si bien es cierto que, la *Demanda* no se encontraba prescrita, procedía su desestimación conforme la precitada Regla 10.2(5) de Procedimiento Civil.

Cabe señalar que, cualquier reclamo en cuanto a la clasificación de custodia deberá ser presentado ante el DCR en un procedimiento administrativo mediante una solicitud de remedio[18]. Puesto que, le corresponde a la parte apelante agotar remedios administrativos previo a presentar un recurso ante este foro revisor.

Por otro lado, en el recurso con identificación alfanumérica TA2026AP00075, la parte apelante sostiene que, el foro de primera instancia incidió al no prorrogar por justa causa el término para emplazar, aún luego de expirado el mismo, según lo permite la Regla 68.2 de Procedimiento Criminal, y ordenar a la Unidad de Alguaciles a diligenciar el emplazamiento.

De acuerdo los hechos procesales del caso de epígrafe, el 6 de agosto de 2025, el foro apelado emitió *Orden* donde ordenó expedir los emplazamientos para ser diligenciados por los alguaciles. Junto a dicha orden incluyó un emplazamiento dirigido a "Andrés Colón, Oficial Examinador", el cual fue expedido el 7 de agosto de 2025. Posteriormente, específicamente el 2 de octubre de 2025, se intentó diligenciar el emplazamiento dirigido a "Andrés Colón, Oficial Examinador", pero el mismo fue rechazado por motivo de que la persona a recibirlo alegó que "ese no era su nombre".

Subsiguientemente, el 5 de diciembre de 2025, el señor Santana Báez presentó escrito por medio del cual, inquirió sobre el estatus de los emplazamientos. Es decir, si estos fueron

---

[18] Véase Reglamento Núm. 8583.

diligenciados y la fecha de diligenciamiento. Sin embargo, no surge del expediente que se le haya notificado lo requerido.

No es hasta el 10 de diciembre de 2025, que el Tribunal de Primera Instancia emite la *Sentencia Parcial* apelada, donde desestimó la *Demanda* respecto a la parte apelada, ya que habían transcurrido más de ciento veinte (120) días sin que se hubiese diligenciado el emplazamiento.

En las circunstancias particulares de este caso, no se le puede atribuir la falta de diligenciamiento del emplazamiento al señor Santana Báez. Pues, como bien reseñáramos, este fue diligente en cuanto a su caso, y le dio seguimiento mediante la moción del 5 de diciembre de 2025, donde intentó informarse sobre el estado del diligenciamiento de los emplazamientos, sin obtener respuesta por parte del Tribunal de Primera Instancia. De igual manera, cabe reseñar que el señor Santana Báez se encuentra recluido en una institución penal, y por ende, el control del proceso se encuentra en las manos del Tribunal.[19]

Ahora bien, habida cuenta de que determinamos que procede la desestimación del pleito en su totalidad, el caso TA2026AP00075 se tornó académico. Consecuentemente, este foro carece de jurisdicción para entender en el mismo.

**IV**

Por los fundamentos que anteceden, se *confirma* la *Sentencia* apelada.

Notifíquese a las partes, al Procurador General y al Secretario del Departamento de Corrección y Rehabilitación. El Administrador de Corrección deberá entregar copia de esta *Sentencia* al confinado, en cualquier institución donde este se encuentre.

---

[19] Véase *Sánchez Rodríguez v. Adm. de Corrección*, 177 DPR 714 (2009).

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.  El Juez Pagán Ocasio concurre sin opinión escrita.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones